# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

March 4, 2026

*Before*

MICHAEL B. BRENNAN, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

REBECCA TAIBLESON, *Circuit Judge*

No. 25-1988

| | |
|---|---|
| HERIBERTO PEREZ-CASTILLO, <br> *Petitioner*, | Petition for Review of an Order of <br> the Board of Immigration Appeals. |
| *v.* | No. A206-788-938 |
| PAMELA J. BONDI, Attorney General <br> of the United States, <br> *Respondent*. | |

**O R D E R**

On October 6, 2025, attorney Abdullah Salah filed a brief in this case on behalf of his client the petitioner. Attorney Salah is the only signatory to this brief. This case's docket shows that no other lawyer has entered an appearance for petitioner.

This court issued an order on January 23, 2026, noting several problems with petitioner's brief. It contained multiple inaccurate citations, quoted language not appearing in the cited decisions, and facts not supported by the record. Suspecting generative artificial intelligence (AI) may have been used in drafting the brief, we asked the petitioner to respond and explain these errors.

Salah filed the requested response on February 6, 2026. He represented that he "had no input in the research and preparation of the brief." Instead, he had "contracted the research and preparation of the brief" to another attorney, Farah Chalisa.

On Salah's telling, Chalisa admitted to "limited use" of AI for stylistic and grammatical review of the brief, but she said she did not verify whether the quotes and citations were accurate. Neither did Salah, as he admitted at oral argument. But Salah contends he has never used AI in any briefs, does not know how to use it, and would not have allowed it to be used if he had known. He also said at oral argument that Chalisa would be willing to address this court about the situation.

Around 11:30 P.M. the night before oral argument, Salah filed a corrected brief. The brief was substantively unchanged. Though it altered or removed the incorrect citations, nearly all the arguments were left untouched—including factual representations wholly unsupported by the record. Again, Salah admitted at oral argument that Chalisa wrote this new brief and that he did not review it before resubmitting it.

When attorneys sign and submit a brief "laden with assertions that have no basis in the record and arguments that have no basis in the law," they run afoul of Federal Rule of Appellate Procedure 28. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019). The brief must set out "facts relevant to the issues submitted for review." FED. R. APP. P. 28(a)(6). And the argument must contain legal contentions based on "citations to the authorities and parts of the record on which the appellant relies." *Id.* at 28(a)(8)(A).

Advocates also have a duty to this court to "not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court." Seventh Circuit Lawyers' Duties to the Court, ¶ 5. Doing so wastes valuable time and judicial resources, as it forces the court to wade through false information to evaluate whether there is any merit to the petitioner's claim.

Under Rule 46 of the Federal Rules of Appellate Procedure, this court has broad authority to discipline members of our bar and attorneys who practice before this court "for conduct unbecoming a member of the bar." FED. R. APP. P. 46(b), (c). That standard has been "broadly construed" to include "'conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts[] or conduct inimical to the administration of justice.'" *Camacho-Valdez v. Garland*, 30 F.4th 675, 679 (7th Cir. 2022) (quoting *In re Snyder*, 472 U.S. 634, 645 (1985)). And other courts of appeals have invoked Rule 46 to sanction attorneys for using AI in writing appellate briefs. *See generally Fletcher v. Experian Inf. Sols., Inc.*, 2026 WL 456842 (5th Cir. 2026). In light of the foregoing circumstances,

**IT IS ORDERED** that attorney Abdullah Salah (petitioner's counsel) and attorney Farah Chalisa (alleged author of the petitioner's brief) shall each show cause on or before March 18, 2026, why they should not be subject to sanctions, including a possible fine or other punishment, for violation of their duties as lawyers to this court.